# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICO ISAIH HAIRSTON,**

    **Petitioner,**

v.

**FRANKLIN COUNTY COURT OF COMMON PLEAS,**

    **Respondent.**

**CASE NO. 2:17-CV-00353 JUDGE MICHAEL H. WATSON**
**Magistrate Judge Kemp**

## REPORT AND RECOMMENDATION AND ORDER

Petitioner Rico Isaih Hairston, a state pre-trial detainee, filed this case seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has also moved for leave to proceed *in forma pauperis*. That motion (Doc. 5) is **GRANTED**. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("Rule 4"). Petitioner's motion for oral argument (Doc. 7) is **DENIED**.

### I. Facts and Procedural History

According to the petition, Petitioner is currently being held in the Franklin County Corrections Center, perhaps in connection with a parole violation warrant. He also has had new criminal charges filed against him in Case No. 17-CR-1548 in the Franklin County, Ohio Court of Common Pleas. According to the online docket sheet in that case, Petitioner has been charged with six felony counts, including rape, attempted rape, and gross sexual imposition.

In his petition, Petitioner alleges that he was escorted to the Common Pleas Court on April 5, 2017, where he was "told by the Sheriffs that [his] arraignment was held without [him] being present, and a $500,000 bond was set." (Doc. 1, at 2.) He further alleges that the "public defender on that call" pleaded not guilty for him. *Id*. Petitioner contends that the state court's arraignment proceeding and pre-trial detention determination violated state court policy, his Sixth Amendment rights to a speedy trial and to confront witnesses, his Fourteenth Amendment due process rights, the Eighth Amendment's prohibition against cruel and unusual punishment, and the Thirteenth Amendment's prohibition against slavery. *Id*. at 2, 6–8. Petitioner states that he contacted the State Public Defender's Office to complain that he was not present at the arraignment but indicates that he has taken no other steps to challenge or appeal the arraignment proceedings and pre-trial detention determination. *Id*. at 2–3. Petitioner asks this Court for an "an injunction" and seeks to be released from the Franklin County Corrections Center. *Id*. at 8.

## II. Law and Analysis

Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4 applies to habeas corpus petitions filed under 28 U.S.C. § 2254 and § 2241. *Evans v. U.S. Marshal Serv.*, 2015 WL 1476654, at *2 (S.D. Ohio Mar. 31, 2015). In addition, 28 U.S.C. §

2243 provides that a district court may summarily dismiss a habeas petition if it appears that a petitioner is not entitled to relief. *See Blevins v. Lamanna*, 23 Fed.Appx. 216, 218 (6th Cir. 2001). In this case, it appears that Petitioner is not entitled to relief and that dismissal is proper.

A state pre-trial detainee can seek federal habeas relief under §2241. *Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981). Nevertheless, federal courts generally abstain from exercising jurisdiction over such actions "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. Abstention is justified under the doctrine of comity, and courts have developed an exhaustion requirement in order to give the state courts the opportunity to confront and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state court processes. *Id; see also Phillips*, 668 F.3d at 811 n. 4 (explaining that decisional law has imposed an exhaustion requirement for §2241 petitions in order to accommodate principles of federalism). Accordingly, federal courts abstain from exercising jurisdiction over pre-conviction habeas petitions unless a petitioner demonstrates that special or exceptional circumstances warrant federal habeas intervention and that he has exhausted all available remedies in state court. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).

Construed in the most favorable manner, Petitioner appears to claim that his bond

was excessive and that he was not present at his arraignment to challenge the bond amount. Although he alleges that the $500,000 bond constitutes "cruel and unusual punishment" in violation of the Eighth Amendment, it appears that his claim is more accurately governed by the Eighth Amendment's prohibition against excessive bail. The protection against unreasonable bail pending trial is one of a handful of special circumstances that may warrant pre-conviction habeas intervention by a federal court. *Atkins*, 644 F.2d at 549. It constitutes a special circumstance because the right to be free from excessive bail before trial might be irremediably lost if a petitioner is forced to wait for a final judgment on the merits of his state court case before seeking federal habeas relief. *Id*. That said, even though a state petitioner who alleges excessive bail is not required to wait for a final judgment on the merits in state court, he must still exhaust all of his state court remedies before federal habeas intervention is warranted. *Id*.

It is clear from the petition that Petitioner has not exhausted his state court remedies. Although Petitioner alleges that he complained to the public defender's office that he was not present at the arraignment, he admits that he has not taken any other action to formally challenge or appeal the state court's pre-trial detention determination. Ohio has a state habeas corpus statute (Ohio Rev. Code §§ 2725.01, 2725.02), and the Ohio Supreme Court has determined that, "[h]abeas corpus is the proper remedy to raise the claim of excessive bail in pre-trial release cases." *Chari v. Yore*, 91 Ohio St. 3d 323, 325 (2001). Again, there is no indication that Petitioner filed a state habeas action or took any other interim steps to formally challenge the state court's arraignment proceedings or the pretrial detention

determination.

Certain speedy pre-trial claims may also warrant pre-conviction habeas relief. *Atkins*, 644 F. 2d at 546-47. Specifically, a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. *Id*. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed before trial on speedy trial grounds. *Id*. *See also Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042–44 (S.D. Ohio 2011). Petitioner alleges that his right to a speedy trial has been violated, and he seeks an "an injction" and to be released from custody. (Doc. 1, at 8.) This does not appear to be equivalent to asking this Court to order the state court to promptly bring him to trial. Even if Petitioner sought such relief, it is again clear from the petition that he has not exhausted his state court remedies on this claim. He alleges that he complained to the public defender's office but does not allege in his petition that he has filed any motions in the state court on speedy trial grounds. Moreover, the Court notes that, according to the online docket of the state court, Petitioner has now waived his speedy trial rights pending a competency evaluation.

Finally, none of Petitioner's other claims, even construed in the manner most favorable to Petitioner, qualify as a special or exceptional circumstances that might warrant federal pre-trial intervention in a state court proceeding. Nor has he properly exhausted his state court remedies for any other claims. Accordingly, this Court must decline to

5

interfere with the pending state criminal proceedings.

### III. Recommended Decision

For these reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this case be **DISMISSED**.

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp<br>
United States Magistrate Judge