# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICO ISAIH HAIRSTON,

    Petitioner,

v.

FRANKLIN COUNTY COURT
OF COMMON PLEAS,

    Respondent.

CASE NO. 2:17-CV-00353
CHIEF JUDGE EDMUND A. SARGUS
Magistrate Judge Chelsey A. Vascura

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 16, 2017, the Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C § 2241 be dismissed. *Report and Recommendation*, ECF No. 8. Petitioner objects to that recommendation. *Obj.*, ECF No. 10. Pursuant to 28 U.S.C § 636(b), this Court has conducted a *de novo* review of the Report and Recommendation ("R&R"). For the reasons that follow, Petitioner's objections, ECF No. 10, are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**, and this action is hereby dismissed. Moreover, the Court **DECLINES** to issue a certificate of appealability.

Petitioner asserts that after he was released from the Ross County Corrections Center, where he was being held for a parole violation, he was taken into custody and detained at the Franklin County Corrections Center for new felony criminal charges, including charges of rape, attempted rape, and gross sexual imposition. Petitioner further asserts that he was escorted to the Franklin County Common Pleas Court on April 5, 2017, where he was informed that his arraignment had already taken place without him and that a $500,000 bond had been set in his absence. Petitioner claims that the arraignment proceedings and pre-trial detention determination

violated state-court policy, the Eighth Amendment's prohibition against excessive bail,[1] his Sixth Amendment rights to a speedy trial and to confront witnesses, his Fourteenth Amendment Due Process Rights, and the Thirteenth Amendment's prohibition against slavery.

The Magistrate Judge recommended that Petitioner's excessive bail and speedy trial claims be dismissed because even though a federal court can sometimes award habeas relief for such claims to pre-trial detainees, a federal court should only do so after a petitioner has exhausted all remedies available to him in state court. The Magistrate Judge further noted that Petitioner did not allege that he had exhausted his state court remedies for his excessive bail and speedy trial claims because the only action he alleged that he had taken was to complain to the public defender's office about not being present during his arraignment. The Magistrate Judge also recommended that the remainder of Petitioner's claims be dismissed because the issues they presented might be resolved in a state trial on the merits or through other state procedures. Moreover, the Magistrate Judge further concluded that these remaining claims did not constitute one of the exceptional circumstance that sometimes warrant federal intervention after exhaustion, and that, in any event, Petitioner had failed to exhausted the remaining claims as well.

Petitioner objects to the Magistrate Judge's recommendations. Specifically, he states that with regard to his excessive bail claim, there are no other state-court remedies available to him. This assertion is not well taken. As discussed by the Magistrate Judge, the protection against unreasonable bail is one of a handful of special circumstances that may warrant pre-conviction habeas relief under § 2241, but only after a state pre-trial detainee exhausts all of his state court remedies. *Atkins v. Michigan,* 644 F.2d 543, 549 (6th Cir. 1981). As the Magistrate Judge also explained, Ohio has a state habeas corpus statute (Ohio Rev. Code §§ 2725.01, 2725.02), and the

---

[1] In his petition, Petitioner stated that his bail amount constituted cruel and unusual punishment in violation of the Eight Amendment. The Magistrate Judge construed this claim as governed by the Eighth Amendment's excessive bail clause. Petitioner does not object to that construction.

Ohio Supreme Court has determined that, "[h]abeas corpus is the proper remedy to raise the claim of excessive bail in pre-trial release cases." *Chari v. Yore*, 91 Ohio St. 3d 323, 325 (2001). Again, there is no indication that Petitioner filed a habeas action in *state* court challenging his bail amount. Petitioner's complaints to the public defender, his federal habeas actions, and his complaints to the local bar association do not exhaust remedies available to him through the state courts. Petitioner must use the state court's formal mechanisms to exhaust his state-court remedies.

As also discussed by the Magistrate Judge, although Sixth Amendment speedy trial claims are another special circumstance that may warrant pre-conviction habeas relief under § 2241, they may only do so after a state pre-trial detainee exhausts all of his state-court remedies, and when a petitioner asks a federal court to order a state court to promptly bring him to trial. *Atkins*, 644 F. 2d at 546-47; *Humphrey v. Plummer,* 840 F. Supp. 2d 1040, 1042–44 (S.D. Ohio 2011). In the R&R, the Magistrate Judge noted that the state-court docket indicated that Petitioner had filed a motion waiving his speedy trial rights pending a competency evaluation. The state-court docket now indicates, and Petitioner asserts, that Petitioner has since filed a state-court notice requesting early disposition of the charges against him pursuant to Ohio Rev. Code § 2941.401. That statute generally provides that when a person who is serving a term of imprisonment in an Ohio facility has untried charges against him in state court, he must be brought to trial on those untried charges within 180 days of a proper written request for their early disposition. *See* O.R.C § 2941.401. Nevertheless, this notice does not exhaust Petitioner's state-court remedies for his alleged Sixth Amendment speedy trial claim. That exhaustion requirement will only be satisfied after Petitioner fully avails himself of all the state-court mechanisms that he can use to exhort the state court to begin his trial. *Atkins*, 644 F. 2d at 546-

3

47. Moreover, even if Petitioner had fully availed himself of all such mechanisms, he does not ask this Court to order the state court to promptly bring him to trial. He instead asks this Court for "an injunction granting his release." For these reasons, and as the Magistrate Judge correctly concluded, Petitioner's purported speedy trial allegations do not warrant federal intervention in the state court's pending criminal proceedings.

In his objections, Petitioner also claims a violation of the Fifth Amendment's Double Jeopardy Clause. Petitioner alleges that although his bond was set at $500,000, even if he were able to post that bond, he would not be released from custody because a post release control holder ("PRC holder") has been issued against him, presumably for parole violations related to his prior convictions. It is not clear if Petitioner challenges the bond amount for the current criminal charges or the PRC holder in these allegations. In either event, however, these allegations do not allege a violation of the Double Jeopardy Clause. Double Jeopardy is another special circumstance that may sometimes warrant pre-conviction habeas relief under § 2241. *See Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 811 (6th Cir. 2012). The Double Jeopardy Clause prevents a person from being tried twice for the same offense, and that protection could be forfeited if violations could not be reviewed before a second trial occurs. *See id.* Accordingly, "the federal adjudication of double jeopardy claims raised on pre-trial petitions for habeas corpus is appropriate when those claims have been raised and rejected in the state trial court and under state law there is no right to interlocutory appeal." *Id.* (quoting *Harpster v. Ohio,* 128 F.3d 322, 325 (6th Cir.1997)). In this case, the bond for the current charges and the PRC holder for parole violations related to prior convictions do not expose Petitioner to two trials for the same offense, and even if they did, this claim has not yet been raised and rejected in

the state trial court. This Court concludes that this claim does not provide a basis for habeas relief.

Petitioner does not object to the Magistrate Judge's conclusion that his remaining claims, including his Fourteenth Amendment Due Process claim, do not constitute one of the special circumstances that may, in some instances, warrant federal intervention in state-court proceedings, or that those other claims have been exhausted. Indeed, it appears that the issues in these other claims "may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins,* 644 F.2d at 546. Accordingly, the Magistrate Judge correctly concluded that this Court should abstain from hearing these claims as well.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's R&R, Petitioner's objection, ECF No. 10, is **OVERRULED.** The R&R, ECF No. 8, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ——U.S.——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether Petitioner's claims should have been resolved differently or that jurists of reasons would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** and terminate this case.

**IT IS SO ORDERED.**

7-11-2017
DATE

EDMUND A. SARGUS JR.
CHIEF UNITED STATES DISTRICT JUDGE